SAUNDERS, Judge.
Plaintiff, Riceacres, Inc., filed suit against defendants, Douglas Hayes[1] and Jeff Davis Bank and Trust Company, seeking payment for eight (8) cashier’s checks totaling $15,-313.11 drawn by Jeff Davis Bank and naming Riceacres as payee, which Jeff Davis Bank paid over the forged endorsement of Douglas Hayes. These cheeks were delivered to Douglas Hayes by Jeff Davis Bank and cashed by him between September 18, 1984, and April 4, 1986. Three (3) of the checks totaling $6,479.07 were cashed or deposited in Douglas Hayes’ personal account at Jeff Davis Bank and the other five (5) checks totaling $8,834.04 were cashed or deposited at the Calcasieu Marine National Bank. Jeff Davis Bank filed a third party demand against Calcasieu Marine National Bank and Douglas Hayes.
Judgment was rendered on December 15, 1992, in favor of plaintiff, Riceacres, Inc., in the amount of $12,026.23, together with legal interest from date of judicial demand, on the five (5) cashier’s checks which the court found were actually forged by Douglas Hayes. Judgment was also rendered in favor of Jeff Davis Bank and Trust Company and against Calcasieu Marine National Bank of Lake Charles in the amount of $8,245.23, together with legal interest from date of judicial demand, for the forged checks which were cashed or deposited at the Calcasieu Marine National Bank.
Defendant, Jeff Davis Bank and Trust Company, appeals the judgment rendered in favor of the plaintiff, Riceacres, Inc. Calca-sieu Marine National Bank has not appealed, therefore, the judgment against it is now final. After our review of the record, jurisprudence and appellate briefs, we find no manifest error on the part of the trial court and we affirm.
FACTS
This is a lawsuit which arises out of a failed attempt by Douglas Hayes to purchase approximately 530 acres of farmland located in Jefferson Davis Parish. When he was unable to finance the purchase of the land through the Federal Land Bank (FLB) based upon his own financial statements, his cousin, E.W. Hayes, president of Riceacres, Inc., agreed to help Douglas Hayes obtain the necessary financing. FLB required Riceacres to be a co-owner of the property which was purchased in equal proportions by Douglas Hayes and Riceacres and a co-ownership agreement was entered into between the parties. Riceacres verbally leased its one-half interest to Douglas Hayes, with the understanding that he would farm the entire tract. Douglas Hayes made arrangements with Farmer’s Home Administration (FmHA) to finance his farming operations. It was agreed between the parties that as long as the FLB note was paid, the entire income from the farming operation was to belong to Douglas Hayes.
Originally, Douglas Hayes’ practice was to take the crop rent checks payable to him and FmHA to FmHA who would endorse the checks with instructions as to how the checks would be payable. Initially, FmHA would make Riceacres’ rent checks payable to FLB in payment of the note. However, in late 1984, when Douglas Hayes began experiencing financial troubles, he had FmHA instruct *705 Jeff Davis Bank to issue the cashier’s cheeks to Riceacres in payment of the rent. These checks totaling $15,813.11 are at issue in this lawsuit.
During trial, the parties stipulated the testimony of Mr. Tom Harless, a handwriting expert, whose opinion was that five (5) of the checks were forgeries and three (3) were not. Douglas Hayes admitted that he forged the signature of Riceacres on five (5) of the checks totaling $12,026.23. On the other three (3) checks at issue totaling $3,286.88, it was his testimony that he delivered these checks to E.W. Hayes who personally endorsed them on behalf of Riceacres. E.W. Hayes denied his signature on these checks, but the trial court found, based upon credible evidence, that E.W. Hayes did endorse these checks.
In 1986, FLB called in the loan and Rice-acres paid off the loan in accordance with the co-ownership agreement. Douglas Hayes then conveyed his one-half ownership interest in the farm to Riceacres.
DISCUSSION
Defendant-appellant, Jeff Davis Bank and Trust Company, alleges three assignments of error:
(1) Trial court erred in finding that Rice-acres, Inc. suit was not barred by prescription under the doctrine of Contra Non Valentem.
(2) Trial court erred in deciding that Riceacres, Inc. could recover under the theory of contracts from Appellants.
(3) Trial court erred in finding that Douglas Hayes was not authorized to endorse the checks and use the proceeds as his own.
Riceacres contends that the first knowledge it had concerning the checks was in the spring of 1989, when it learned, during a deposition of Douglas Hayes in a related lawsuit, that Douglas Hayes stated that all of the money from his crop proceeds was used to pay his crop loan. This deposition gave rise to investigation which led to this suit being filed in July of 1989, within one year of the Douglas Hayes’ deposition.
The trial court, in its reasons for judgment, concluded that the proper prescriptive period to be applied is that of five (5) years, but stated further that “should this conclusion be erroneous then the prescriptive period is one (1) year, and the court is of the opinion that under the facts of this case the Doctrine of Contra Non Valentem should be applied to interrupt the running of prescription.” We pretermit the question of whether a five (5) year prescriptive period should be applied as our review of the record shows that the trial judge was correct in his finding that the doctrine of contra non valentem should be applied.
The defendant contends that the plaintiff should have been put on notice earlier because plaintiff, E.W. Hayes, knew from the beginning that the farming operation was in financial trouble; because he paid the note in 1986 when FLB called in the loan; because he had made little or no inquiry as to how the proceeds of the rent were to be paid; because he never asked for an accounting of the farming operation; because he never checked with FLB or FmHA, nor with any of the vendors of the farming operations as to whether the debts were being paid by Douglas Hayes; and because he, in fact, signed three (3) of the checks over to Douglas Hayes, as was found by the trial court.
While these matters are established by the record, it is also clear from the record that it was agreed between Douglas Hayes and E.W. Hayes that Douglas Hayes would pay the note to FLB and that any remaining money could be used by Douglas in any manner he chose. E.W. Hayes did not expect to make a profit from this venture and was acting solely to accommodate his cousin in his efforts to obtain financing. Under these circumstances, the knowledge of E.W. Hayes that his cousin’s venture was going poorly, does not convey knowledge to him which should have made him suspect that his cousin might have forged his name and used this money in an unauthorized manner.
After consideration of the evidence, the district court concluded that:
“From the evidence, the court concludes that Riceacres did not know about the forged checks until some months after the *706 conclusion of the Robert Guillory law suit. However, the question remains whether its lack of knowledge prior to this time was the result of its negligence, or whether its actions or inactions were reasonable. After considering all of the evidence and arguments of counsel, the court finds that due to the relationship between Douglas Hayes and E.W. Hayes and the special arrangements between the parties concerning the farming operations and the payment of the note, Riceacres was not negligent or unreasonable in its actions prior to 1988. Therefore, the Doctrine of Contra Non Valentem is applicable.”
We agree with the determination of the trial court. Prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit and, moreover, prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused the damages. Jordan v. Employee Transfer Corp., 509 So.2d 420, 423 (La.1987).
Appellant contends in its second assignment of error that the trial court erred in deciding that Riceacres could recover under the theory of contract from Jeff Davis Bank. It is argued that the appellee could not proceed under LSA-R.S. 10:3-419(1) as was found by the trial court as Riceacres was not a “true owner” of the cashier’s checks. Appellant takes issue with the trial court’s application of LSA-R.S. 10:3-413. We note, as did the trial court, that under the clear language of LSA-R.S. 10:3-413, it is not necessary that Riceacres be a “true owner” in order to recover under this statute. We note further the clear language of the Louisiana Supreme Court in the Daube v. Bruno, 493 So.2d 606 (La.1986):
“As stated above, La.R.S. 10:3-419(1) authorizes a delictual action. It does not, in addition to this delictual action, authorize an action on the instrument. Louisiana follows the model of the Uniform Commercial Code which only provides a tort remedy for an action brought under section 3-419(l)(c). Contractual, warranty and other remedies are provided under different sections. See for example La.R.S. 10:3-413 to 414 (contract), 10:3^417 (warranty). There is no evidence of any legislative intent to depart from this strategic deployment of remedies.”
Daube, supra, 493 So.2d at 609.
LSA-R.S. 10:3^413 states that “[t]he maker or acceptor engages that he will pay the instrument according to its tenor at the time of his engagement....” The cashier’s checks sued upon stated “Pay to the Order of Riceacres, Inc.” The statute sued upon is clear and unambiguous. Jeff Davis Bank paid the cashier’s checks contrary to their tenor and, accordingly, the district court properly allowed recovery under LSA-R.S. 10:3^413. This assignment of error is without merit.
Appellant’s final contention is that the trial court erred in finding that Douglas Hayes was not authorized to endorse the checks and use the proceeds as his own. The finding of the trial court was that Douglas Hayes and E.W. Hayes agreed that Douglas Hayes would pay the FLB note and if there was any remaining money, Douglas could use these remaining funds as he saw fit. This is a far cry from being authorized to “endorse the checks and use the proceeds as his own.” The trial court found that before any money could be used “as his own,” Douglas Hayes had to first pay the FLB note. This he did not do. The trial court’s finding of fact on this issue is correct.

CONCLUSION

For the above and forgoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by defendant, Jeff Davis Bank and Trust Company.
AFFIRMED.
GUIDRY, J., dissents with reasons.
KNOLL, J., dissents for reasons assigned by GUIDRY, J.

. During the course of these proceedings, Douglas Hayes was declared bankrupt and is, therefore, no longer a defendant.